GLADNEY, Judge.
This suit on behalf of James S. Castle-berry and his wife, Audrey M. Castleberry, seeks recovery of damages resulting from an intersectional automobile collision June 4, 1965 in the Town of Junction City, Union Parish, Louisiana. Made defendant is the Liberty Mutual Insurance Company, insurer of an automobile being driven by Ed Jordan Johnson belonging to Avis Rent-A-Car Company. From an adverse judgment the defendant has appealed.
On the date of the accident about noon with atmospheric conditions normal, Mrs. Castleberry, alone, was driving her Ford automobile southward on Plum Street and arrived at its intersection with Pine or 5th Street. Both streets, of equal width, are surfaced with 18 foot strips of asphalt. Due to the absence of semaphore signals and regulatory ordinance by the town of Junction City, the intersection is subject to the provisions of the Highway Regulatory Act, LSA-R.S. 32:121, which accords *221 the right of way to motorists approaching from the right.
Mrs. Castleberry testified that upon arriving at the intersection she came to a complete stop and after looking in both directions on Pine Street and observing no oncoming vehicle, she shifted into low gear and had proceeded well into the intersection when her car was struck by the Chevrolet automobile driven by Johnson. The impact caused severe damages to the right side of the Ford automobile which came to rest at the southeast corner of the intersection. Johnson testified that he was driving east on Pine Street at a speed of approximately 25 to 30 miles per hour and that Mrs. Castleberry entered the intersection without stopping and without yielding to his superior right of way. The report of the investigating officer, since deceased, as filed in evidence indicates the front of the Castleberry automobile had practically reached the south line of Pine Street when the impact occurred. Witnesses Benoit Adams and Joe Black testified the Chevrolet was being driven at a speed which Be-noit estimated at 45 to 50 miles per hour, and that it skidded some distance, about 35 feet prior to the collision.
In his reasons for decision the trial judge, after noting that the dispute between the two drivers was whether or not the Castleberry vehicle had entered the intersection and pre-empted it prior to the collision, made the following comment:
“No useful purpose will be served by a detailed analysis or discussion of the testimony in this case. From the conclusion of the testimony in the case, this Court was of the opinion that Mrs. Castle-berry had, in fact, stopped her vehicle and was in the intersection pre-empting same, before Mr. Johnson approached or came to the intersection. This is borne out by the testimony of Mrs. Castleberry, and then the physical facts apparent as a result of the collision, demonstrate to this Court that Mr. Johnson was traveling at an excessive rate of speed and that he was not maintaining a proper lookout and that he entered the intersection after Mrs. Castleberry had pre-empted it striking her automobile in the south half of the street on which he was traveling. Furthermore, the force of the collision knocked the Castleberry car completely to the southeast corner of the street intersection. The force of the collision, indicating the speed of the Johnson car, is further demonstrated by the fact that it caused physical damage to the Castle-berry car of $976.50. * * * ”
The primary contention of appellant is that plaintiff’s claims are barred by reason of the negligence of Mrs. Castleberry consisting of failure to make proper observation and by entering the intersection without yielding to traffic having the superior right of way. It is earnestly argued that plaintiff did not pre-empt the intersection. The act of pre-emption has been repeatedly defined by our courts to mean entry into the intersection with the opportunity of clearing it without obstruction of the path of another vehicle under normal and reasonable circumstances. Special reliance by appellant is placed upon the case of McWaters v. Turnage, La.App., 156 So. 2d 68, (1st Cir. 1963) wherein Turnage was found to be negligent after admitting that he exceeded the speed limit of 25 miles per hour as he approached the intersection, but the court also found that Mrs. McWaters was guilty of contributory negligence in that she should have timely observed the approaching automobile and refrained from entering the intersection. In the instant case the trial court held that the sole proximate cause of the accident was the excessive speed of Johnson as Mrs. Castleberry had in fact pre-empted the intersection.
The issue is of a factual nature and was carefully considered by the trial court. Its resolution in favor of the plaintiff is not indicative of reversible error.
The judgment is affirmed at appellant’s cost.